# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4019

_____

Oralia Gicela Cifuentes-Jocol,          *
                                        *
                Petitioner,             *
                                        *   Petition for Review of
        v.                              *   an Order of the Board
                                        *   of Immigration Appeals.
Michael Mukasey, Attorney General,      *
                                        *   [UNPUBLISHED]
                Respondent.             *

_____

Submitted: September 30, 2008
Filed: October 9, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Oralia Gicela Cifuentes-Jocol petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1]

_____

[1]Where, as here, the BIA adopts the IJ's decision and adds its own reasoning, this court reviews both decisions together. See Quomsieh v. Gonzales, 479 F.3d 602, 605 (8th Cir. 2007).

We grant the petition insofar as it relates to Cifuentes-Jocol's claim for withholding of removal based on religious persecution because, in analyzing the claim, the IJ did not proceed according to the analytical framework of 8 C.F.R. § 1208.16(b). That is, the IJ did not first determine whether Cifuentes-Jocol established past persecution on account of religion; rather, he concluded that she had not demonstrated that it was more likely than not she would be harmed on account of her religion if she returned to Guatemala. Because a finding of past persecution gives rise to a rebuttable presumption "that the applicant's life or freedom would be threatened in the future in the country of removal on the basis of the original claim," 8 C.F.R. § 1208.16(b)(1)(i), it was legal error for the IJ to require Cifuentes-Jocol to demonstrate a well-founded fear of future persecution "without making the antecedent determination as to whether [she] established past persecution," Bushira v. Gonzales, 442 F.3d 626, 632 (8th Cir. 2006). The IJ's error was not cured by the BIA, which merely agreed with the IJ's conclusion that Cifuentes-Jocol failed to establish she would have any problem in the future in Guatemala on account of her religion. Under these circumstances, remand is appropriate to allow the agency to make the requisite factual and legal determinations relating to Cifuentes-Jocol's allegations of past persecution on account of religion. See Uli v. Mukasey, 533 F.3d 950, 956 (8th Cir. 2008); Bushira, 442 F.3d at 633.

As to Cifuentes-Jocol's other claims, we lack jurisdiction to review the determination that her asylum application was barred as untimely filed, see 8 U.S.C. § 1158(a)(3); Purwantono v. Gonzales, 498 F.3d 822, 824 (8th Cir. 2007), and we conclude the denial of her claims for withholding of removal based on political persecution and for CAT relief were supported by substantial evidence in the record, see Miah v. Mukasey, 519 F.3d 784, 788 (8th Cir. 2008) (standard of review for CAT claim); Ming Ming Wijono v. Gonzales, 439 F.3d 868, 872, 874 (8th Cir. 2006) (standard of review for withholding-of-removal claim).

Accordingly, we deny the petition with respect to the claims for asylum, withholding of removal based on political persecution, and CAT relief; we grant the petition with respect to the claim for withholding of removal based on religious persecution; and we remand for further proceedings consistent with this opinion.

_____